**Weldon C. JORDAN, Appellant,**

v.

**Mrs. Grace CARTWRIGHT et al., Appellees.**

No. 16233.

Court of Civil Appeals of Texas.

Fort Worth.

June 16, 1961.

Ben Hagman, Weatherford, for appellant.

Fulgham & Grogan, and Frank E. Fulgham, Weatherford, for appellees.

RENFRO, Justice.

The plaintiff Jordan appealed from an instructed verdict and judgment rendered against him and in favor of the defendants Mrs. Grace Cartwright and Odis Wilson.

The plaintiff plead that on March 22, 1958, the following instrument was executed by the parties:

"Weldon C. Jordan, Dirt Contractor
"210 Palo Pinto Street
"Weatherford, Texas
"March 22, 1958

"Proposed: Cartwright Ranch Leveling Job at Weed Valley    Approximately 21,000 cu. yds of dirt and any additional yardage to be added later on same location. We will move plus or minus .1 ft. for 17¢ per Cu. yd.

"Weldon C. Jordan
"Dirt Contractor
"/s/ Weldon C. Jordan

"P. S.  If weather suitable can go to work after five (5) days notice.
"Cartwright Ranch        Odis Wilson
"_____      _____"

He further plead that in addition to the written contract the plaintiff orally agreed with the defendants to perform various chores and work set out in Exhibit "B", attached to his petition, which exhibit showed 18 separate and independent jobs in addition to the dirt moving job set out in the written contract, and that defendants owed him a balance of $5,709.43.

Although the plaintiff plead in the alternative that the reasonable, usual and customary charges for such services amounted to $5,709.43, his points of error in this court are based on his contention that an instructed verdict against him was erroneous because the evidence presented a jury question as to whether or not he had fully complied with and completed the contract.

The record is confused with a great deal of testimony concerning the 18 "small contracts" but the case as presented to us concerns only the "additional yardage to be added later on same location."

Plaintiff testified that neither at the time of the execution of the contract nor prior thereto did he discuss with either defendant the time and manner of payments to be made to him.  Over objection, he testified that it was a local custom for the contractor to be paid for 90% of the amount of work done every 30 days.  However, he neither plead said custom as required, 42 Tex.Jur. 861, sec. 26, nor did he show by evidence that the defendants had knowledge of any such custom.

Plaintiff completed the first three "pans" consisting of approximately 80 acres by moving 21,000 cubic yards of dirt as set out in the original contract.  He testified he knew that unless the leveling was plus or minus .1 ft. the Government would not accept the work and Mrs. Cartwright would not be paid and that he could not get any money; he knew the Government was paying Mrs. Cartwright 80% and she was paying 20%; that when the leveling was completed and accepted by the Government, the Government would pay Mrs. Cartwright and she would then pay him.  Before he made the contract with defendants he talked with the Government engineer and was informed that the work had to be within .1 of a foot tolerance.

The work on the first 80 acres was approved and accepted by the Government and plaintiff was promptly paid by Mrs. Cartwright.

In the meantime, he had begun work on the additional acreage and continued until he "thought" he was through, at which time he demanded payment of 90% of work performed from the defendants. During the progress of the additional work defendants had paid him, when he needed money, over $3,000. He knew at the time he made the demand that the "Government man" had measured the project three times and determined that another 13,000 yards of dirt must be moved before the leveling was within one-tenth of a foot tolerance. Although he made a "spot" check he did not make a complete check of his work, and when asked who was wrong "you or the Government", he answered, "How would I know."

Some time in August plaintiff met with the defendants and the Government engineer. When asked if the Government man told him at that time that the work was not completed, he answered, "I knew it wasn't a tenth plus or minus, this last three pans, there isn't any argument about that. I thought it was." At this time, when he thought he was through, he, for the first time, mentioned 90% progress payments to defendants. He refused to complete the work because "I couldn't get any money so I couldn't go." In the first part of September he was notified in writing to complete the work or move his machinery from the premises. Prior to receiving the letter, Mrs. Cartwright told him she would pay him then if the Government accepted the work or she would pay him if he would move the other 13,000 yards of dirt.

■■■ We have given careful study to all the evidence given by plaintiff and that introduced by him. In our opinion the only logical result to be reached is that by his own evidence he failed to prove by evidence of probative force that defendants were obligated by agreement or otherwise to make 90% progress payments before completion and acceptance of each particular pan or pans; that by his own evidence he did not complete the "pans" in

question according to the contract specification and that, through no fault of defendants, he voluntarily abandoned the work. Under the record, we hold that plaintiff did not prove a prima facie case under the contract upon which he relied, hence the instructed verdict against him on his claim against defendants was not error.

The court entered judgment for defendants on their cross-action against the plaintiff for breach of contract for the sum of $3,006.78.

■■■ Generally, one who is injured by the act of another is entitled to recover compensation for the loss or prejudice suffered so that as nearly as possible the compensation received will be commensurate with his loss. When the action is one for the breach of a contract, recovery may be had for any proximate consequences that can be established with the requisite certainty. Damages for breach of contract are to compensate one party to a contract for the breach of the other by awarding the value of the expected performance. 17 Tex.Jur.2d 127, secs. 50 and 51

■■■ In order to sustain a recovery of damages not only must a plaintiff establish that he is entitled to a recovery but he must also prove his damages with sufficient certainty to enable a jury to compute them. 17 Tex.Jur.2d 287, sec. 226.

■■■ In our opinion, the evidence wholly failed to establish any damages sustained by defendants because of plaintiff's breach of the contract with such degree of certainty that they could have been computed by a jury. The court therefore erred in rendering judgment for defendants on the cross-action.

The judgment of the trial court against plaintiff in his action against the defendants is affirmed. The judgment for the defendants in their cross-action against plaintiff is reversed and judgment hereby rendered that defendants take nothing by said cross-action.